IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Ellis, | : | |
| Plaintiff, | : | Civil Action 2:07-cv-33 |
| v. | : | Judge Smith |
| Commissioner of Social Security, | : | Magistrate Judge Abel |
| Defendant. | : | |

## ORDER

Plaintiff Thomas Ellis brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying his application for a period of disability, disability insurance benefits, and supplemental security income benefits.  This matter is before the Court on Plaintiff's Motion for Reconsideration of the Magistrate Judge's January 11, 2008 Report and Recommendation.  (Doc. 14.)  For the reasons below, Plaintiff's motion is **DENIED**, his objections are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's report and recommendation.

## Background

Plaintiff Thomas Ellis filed his application for disability insurance benefits on January 23, 2003, alleging that he became disabled on October 1, 2002, at the age of thirty six by hypertension and a heart condition.  (R. 11, 30, 44 .)  The application was denied initially and upon reconsideration.  (*Id*. at 29, 34.)  Plaintiff sought a *de novo*

hearing before an administrative law judge ("ALJ").  The ALJ issued a decision finding that Ellis was not disabled within the meaning of the Social Security Act.  (*Id*. at 9-19.) The Appeals Council denied Plaintiff's request for review.  (*Id*. at 3-6.)

At the November 3, 2005 hearing before the ALJ, Plaintiff testified, via counsel, that his cardiac impairments together with his low back degenerative disease and gout would prevent him from substantial gainful activity.  (R. 232.)  Ellis testified that he continues to suffer from shortness of breath, back pain, and gout.  (*Id*. at 245-255.)  He further testified that these illnesses prevent him from being productive because he has to take constant breaks to recover from pain and fatigue.  (*Id*.)

Dr. Gordon Snider, the medical expert at Plaintiff's hearing before the ALJ, testified that Ellis's impairments include hypertensive cardiomyopathy, hypertension, chronic smoker, obesity, coronary artery disease, degenerative disc disease of the lumbar spine, alcohol abuse, gastroesophageal reflux disease, chronic renal failure, and episodic gout.  (R. 269-270.)  Dr. Snider explained that Plaintiff's gout is induced by the diuretic pills he has to take for his hypertensive cardiovascular disease.  (*Id*. at 270.)  He further explained that Plaintiff's gout treatment is inadequate and that Ellis should increase the dosage of his gout medication.  (*Id*. at 272.)

In his earlier pleadings, Plaintiff argued that the decision of the Commissioner denying him benefits should be reversed because the ALJ improperly discounted Ellis's gout.  (Doc. 10, pp. 4-5; *see also* R. 228.)  Plaintiff disagreed with the idea that his gout would improve with a change of his treatment was a valid reason for discounting it.

2

(*Id*.)

The Magistrate Judge issued a report and recommendation (R&R) in January 2008, which recommends that the ALJ's decision be affirmed in part and reversed in part. (Doc. 13.) The report and recommendation explains that although the ALJ conducted a searching inquiry as to whether Plaintiff should be considered disabled at the time of the hearing and post-hearing, his inquiry was incomplete with respect to whether Plaintiff is entitled to a closed period of disability. (Doc. 13, p. 13.) To that extent, the R&R recommends that the ALJ's decision be reversed and the case remanded for further consideration. (*Id*.) The R&R also disagrees with Plaintiff's argument that the ALJ improperly discounted Plaintiff's gout as a medical impairment. In other words, the R&R recognizes the ALJ's explanation that Ellis was taking an inadequate dosage of his gout medication. (*Id*. at pp. 11-12.)

**Analysis**

In his earlier pleadings, Plaintiff Thomas Ellis argued that he did not fail to follow medical advice, his disabling condition lasted more than one year, and therefore, all of his impairments, including his inadequately treated gout, should have been considered in accordance with 20 C.F.R. §404.1523. (Doc. 10, pp. 4-5.) In his current pleadings, he renewed his argument that pursuant to 20 C.F.R. §404.1523, the Commissioner cannot discount Plaintiff's inadequately treated gout. (Doc. 14, pp. 1-2.) In addition, he argues that to allow the Commissioner to do this would undermine the validity of the entire disability evaluation process. (*Id*. at 2.) Ellis acknowledges that

3

under his interpretation of the regulations he will receive disability benefits although he has a medical condition that Dr. Snider recognized as inadequately treated.  (*See id*.) Ellis informs the Court that this should be of no concern because if it becomes the case that he is inappropriately receiving disability benefits, a continuing disability review (CDR) would address the problem.  (*Id*.)

The Court agrees with the report and recommendation's analysis with respect to Ellis's gout.  The R&R takes the position that the ALJ's decision to discount Plaintiff's gout because Ellis was taking an inadequate dosage of gout medication.  (Doc. 13, pp. 11-12.)  That position is compatible with the general rule that conditions which can be controlled by treatment are not disabling.  *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.") (internal citation omitted); *Brant v. Commissioner of Social Security*, 33 Fed. Appx. 795, 797-798 (6th Cir. 2002) (unreported).  Ellis does not argue an exception to the general rule, such as the inability to afford an increase dosage of gout medication.  *See McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990).  Also, Plaintiff himself acknowledges that his interpretation of the regulations leads to an impractical result.

Plaintiff further argues that the Court should remand for full consideration of Thomas Ellis's gout on his ability to function in the workplace, and not just for a closed period of disability.  (R. 2-3.)  In support of this position, Ellis contends that a limited remand would also foreclose the consideration of any other severe impairment that

might have arisen in Plaintiff's case after November 3, 2005 (the date of the ALJ's hearing). (*Id.* at 2.) In support of remanding for full consideration, Ellis also opines that in all likelihood the ALJ would consider the entire period of claimed disability, but the possibility exists that the Commissioner might act in a different manner. (*Id.*)

The Court cannot accept Plaintiff's argument to remand for full consideration. A claimant may file another application for social security benefits if new severe impairments develop subsequent to a prior hearing. *Bowen v. Astrue,* 2007 WL 1455892, *10 (S.D.Ind. Apr. 16, 2007) (internal citation omitted) (unreported). Plaintiff directs the Court to 20 C.F.R. §404.1598 to support his argument that severe impairments might have developed subsequent to the ALJ's hearing and therefore the Court should remand for full consideration, which will include further consideration of new impairments. However, that section of the Commissioner's regulations provides guidance on how the Commissioner will treat new severe impairments with respect to a continuing disability review. *See* 20 C.F.R. §404.1501(j); 20 C.F.R. §§404.1588-404.1599; Matthew J. Canavan, *Social Security: Law and Practice* §44:46 (1987, Supp. 2006). Further, Plaintiff does not indicate to the Court whether there were indeed post-hearing development of other severe impairments, which one would expect in light of the argument above. Ellis other argument in support of remand for full consideration forces the Court to speculate on whether or not the ALJ would follow instructions on remand.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**, Plaintiff's objections are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's report and recommendation.  The case is **REMANDED** for further consideration of Plaintiff's closed period of disability claim.

*/s/George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**